# No. 20-20130

# In the United States Court of Appeals
# For the Fifth Circuit

---

DON PETERSON; MACKEY PETERSON; LONNY PETERSON,

*Plaintiffs - Appellants*

v.

RUSS JONES; UNDERWOOD, JONES, SCHERRER, P.L.L.C.; HARRIS COUNTY, TEXAS,

*Defendants - Appellees*

---

On Appeal from United States District Court for the Southern District of Texas

4:16-CV-733

---

## BRIEF OF APPELLEE HARRIS COUNTY, TEXAS

---

OF COUNSEL:
VINCE RYAN
HARRIS COUNTY ATTORNEY    _____

SETH HOPKINS
Assistant County Attorney
Texas Bar No. 24032435
1019 Congress Plaza, 15th Floor
Houston, Texas  77002
(713) 274-5141 (telephone)
Seth.Hopkins@cao.hctx.net
ATTORNEY FOR APPELLEE
HARRIS COUNTY

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| Harris County, Texas | Seth Hopkins of County Attorney's Office Houston, TX |
| Harris County, Texas | Laura Hedge of County Attorney's Office Houston, TX |
| Russ Jones | William Jones of Underwood, Jones & Scherrer, P.L.L.C. Houston, TX |
| Underwood, Jones, Scherrer, P.L.L.C. | William Jones of Underwood, Jones & Scherrer, P.L.L.C. Houston, TX |

| Appellants: | Counsel for Appellants: |
|---|---|
| Don Peterson | Donald Cheatham of Law Offices of Donald T. Cheatham Houston, TX |
| Lonny Peterson | Donald Cheatham of Law Offices of Donald T. Cheatham Houston, TX |
| Mackey Peterson | Donald Cheatham of Law Offices of Donald T. Cheatham Houston, TX |
| Don Peterson | Paul Nunu Pasadena, TX |
| Lonny Peterson | Paul Nunu Pasadena, TX |
| Mackey Peterson | Paul Nunu Pasadena, TX |

S/Seth Hopkins
Attorney of record for Appellee
Harris County, Texas

i

# STATEMENT REGARDING ORAL ARGUMENT

Appellee believes the facts and legal arguments in this Motion are adequately presented in the brief and record and the decisional process would not be significantly aided by oral argument. However, Appellee would welcome the opportunity to present oral argument if the Court determines it would be helpful.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................ i

STATEMENT REGARDING ORAL ARGUMENT ............................................. ii

TABLE OF CONTENTS ............................................................................... iii

TABLE OF AUTHORITIES .............................................................................v

RESPONSE TO JURISDICTIONAL STATEMENT ...............................................1

STATEMENT OF THE ISSUES ............................................................................2

STATEMENT OF THE CASE ................................................................................3

    I.     A state court sanctioned Appellants and declared them vexatious litigants…………………………………………………………………..3

    II.    Appellants filed a federal lawsuit accusing everyone associated with their state case (including the judges and court coordinator) of criminal conduct…………………………………………………………………..4

    III.   The district court called Appellants' arguments "pure zanyism" and gave them an opportunity to avoid sanctions if they would only stop filing more frivolous briefs………………………………………….…..6

    IV.   Appellants continued filing frivolous pleadings, and the district court finally awarded sanctions…………………………………………….…7

    V.    Plaintiffs-Appellants already appealed (and lost) the sanctions award they are now appealing………………………………………………….9

SUMMARY OF THE ARGUMENT .....................................................................12

RESPONSE TO STANDARD OF REVIEW……………………………....……..12

ARGUMENT……………………………………………………………………13

I.      This Court lacks jurisdiction over this appeal………………..13

        A.      The issues raised on appeal are barred by the law of the
                case and waiver doctrines because they were already
                decided in *Sheshtawy, et al. v. Gray, et al.*, 697 F. App'x
                380, 383 (5th Cir. 2017)………………………………13

        B.      Appellants missed their deadline to file a notice of appeal
                under Federal Rule of Appellate Procedure 4(a)(1)(A) and
                cannot circumvent this rule by claiming they are appealing
                the district court's decision not to reopen a long-decided
                case……………………………………………………14

II.     The district court did not abuse its discretion by not reopening
        this case under Rule 60 and reversing its affirmed sanctions
        award…………………………………………………………15

        A.      The judgment is not void under Rule 60 because
                Appellants were never denied due process rights or an
                opportunity to be heard……………………….……15

        B.      A Rule 60(b)(4) motion is not a substitute for a timely
                appeal……………………………………………………18

III.    The district court's award of sanctions and attorney's fees is
        reasonable and appropriate…………………………………..19

IV.     Harris County should be awarded appellate costs and additional
        $15,000 attorney's fees for this second frivolous appeal……20

NOTICE OF JOINDER IN CO-DEFENDANTS-APPELLEES' BRIEF……….21

CONCLUSION ........................................................................................21

CERTIFICATE OF SERVICE ...............................................................22

CERTIFICATE OF COMPLIANCE.......................................................23

# TABLE OF AUTHORITIES

Cases                                                                        Page(s)

*Behringer v. Johnson*,
75 F.3d 189 (5th Cir. 1996) ...................................................................13

*Bell v. Eastman Kodak Co.*,
214 F.3d 798 (7th Cir. 2000) ................................................................18

*Bill Johnson Restaurants, Inc v. National Labor Relations Board*,
461 U.S. 731, 103 S. Ct. 2161, 76 L. Ed.2d 277 (1983) .....................................17

*Carmon v. Lubirizol*,
17 F.3d 791 (5th Cir. 1994) ................................................................10

*Castillo,*
179 F.3d ............................................................................................14

*Collins v. Daniels*,
916 F.3d 1302,  (10th Cir. 2019) .......................................................17

*Fackelman v. Bell*,
564 F.2d 734 (5th Cir. 1977) ...........................................................13

*Gertz v. Robert Welch, Inc.*,
418 U.S. 323, 94 S. Ct. 2997, 41 L. Ed.2d 789 (1974) .......................................17

*Herbert v. Lando*,
441 U.S. 153, 99 S. Ct. 1635, 60 L. Ed.2d 115 (1979) .......................................17

*Hoult v. Hoult*,
57 F.3d 1 (1st Cir. 1995) ..................................................................16

*In re Harper*,
725 F.3d 1253 (10th Cir. 2013) ...........................................................17

*In re Stone,*
986 F.2d 898 (5th Cir. 1993) ............................................................19

*King v. Fleming*,
    899 F.3d 1140 ...................................................................................17

*Med. Ctr. Pharmacy v. Holder*,
    634 F.3d 830 (5th Cir. 2011) ...................................................... 13, 14

*New York Life Ins. Co v. Brown*,
    84 F.3d 137 (5th Circuit 1996) .........................................................16

*Orner v. Shalala*,
    30 F.3d 1307 (10th Cir. 1994) ..........................................................16

*Perez v. AC Roosevelt Food Corp.*,
    744 F.3d 39 (2d Cir. 2013) ...........................................................1, 15

*Pryor v. U.S. Postal Serv.*,
    769 F.2d 281 (5th Cir. 1985) ............................................................18

*Sheshtawy, et al. v. Gray, et al.*,
    138 S.Ct. 1298 (2018) ...................................................................1, 13

*Sheshtawy, et al. v. Gray,*
    *et al.*, 697 F. App'x 380 (5th Cir. 2017)................................. 1, 10, 13

*Singleton v. Wulff*,
    428 U.S. 106 ......................................................................................14

*Stebbins v. Texas*,
    No. 3:11-CV-2227-N BK, 2011 WL 6130403 (N.D. Tex. Oct. 24, 2011) ..........19

*United States v. Boch Oldsmobile, Inc.*,
    909 F.2d 657 (1st Cir. 1990) ............................................................16

*United Student Aid Funds, Inc. v. Espinosa*,
    559 U.S. 260, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010) ........... 16, 17

*Williams v. New Orleans Public Serv., Inc.*,
    728 F.2d 730 (5th Cir.1984) .............................................................16

*Zinna v. Congrove*,
 755 F.3d 1177 (10th Cir. 2014) ...........................................................................13


Statutes

28 U.S.C. § 1927 .........................................................................................6, 20


Rules

FED. R. APP. P. 32(a)(5) ...............................................................................23
FED. R. APP. P. 32(a)(6) ...............................................................................23
FED. R. APP. P. 32(a)(7)(B) ...........................................................................23
FED. R. APP. P. 32(f) ....................................................................................23
Federal Rule of Appellate Procedure 4(a)(1)(A) ....................................... iv, 1, 14
Federal Rule of Civil Procedure 11 ...............................................................4, 8
Federal Rule of Civil Procedure 38 ................................................................20
Federal Rule of Civil Procedure 60 ................................................... 14, 15, 18
Federal Rule of Civil Procedure 60(a)(4) ......................................................15
Rule 11(b)(1)................................................................................................5
Rule 11(b)(2)................................................................................................5
Rule 11(b)(3)................................................................................................5
Rule 60(b)..................................................................................................18
Rule 60(b)(4).................................................................................... 16, 18

## RESPONSE TO JURISDICTIONAL STATEMENT

This Court lacks jurisdiction over this appeal because it already affirmed the district court's award of sanctions in the *per curiam* opinion of *Sheshtawy, et al. v. Gray, et al.*, 697 F. App'x 380, 383 (5th Cir. 2017). After this Court affirmed the district court's opinion, Appellants filed a petition for writ of certiorari to the United States Supreme Court, which was denied. *Sheshtawy, et al. v. Gray, et al.,* 138 S.Ct. 1298 (2018).

Assuming, *arguendo*, this matter had not already been decided on appeal, this Court would still lack jurisdiction because Appellants waited until 2020 to contest the district court's 2016 sanctions award. Under Federal Rule of Appellate Procedure 4(a)(1)(A), Appellants had 30 days to file their notice of appeal of any issues related to those sanctions. *Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 41 (2d Cir. 2013) (award of attorney's fees begins the 30-day jurisdictional time limit for filing a notice of appeal).[1] That time has long passed.

---

[1] Appellants attempted to evade this deadline by moving to reopen the case in 2020 and claiming they are actually appealing the district court's February 11, 2020 order denying that motion. This is a backdoor attempt to get a second appeal of the merits of the underlying December, 2016 sanctions award. As discussed below, that violates the law of the case and waiver doctrines.

# STATEMENT OF THE ISSUES

Appellee Harris County respectfully suggests that the correct statement of the issues is:

**Issue One:**  Does this Court have jurisdiction over a sanctions award issued more than three and a half years ago which has already been affirmed by a *per curium* opinion of this Court on September 14, 2017, and for which the United States Supreme Court denied a petition for writ of certiorari on March 19, 2018?

**Issue Two:**  Assuming this Court has jurisdiction over this appeal, did the district court abuse its discretion by not reopening this case and reversing its affirmed sanctions award from 2016 when Appellants provided no legally recognized grounds for doing so?

# STATEMENT OF THE CASE

## I.     A state court sanctioned Appellants and declared them vexatious litigants.

On March 18, 2016, Plaintiffs-Appellants filed a 192-page complaint and 1,085 pages of exhibits[2] in an attempt to re-litigate their losses in a state probate case. In both the state and federal cases, Appellants alleged, among other things, that they were cheated out of property from the Estates of Adel Sheshtawy and Ruby Peterson, the Peterson Family Trust II, and the Rizk Estate.

The state courts rejected these arguments, and on November 10, 2014, the Honorable Loyd Wright awarded Russ Jones and his clients sanctions after finding:

> …the allegations complained of did not have evidentiary support nor were they at the time of signing, likely to have evidentiary support after a reasonable opportunity for further investigation. The Court further finds that, at the time of signing of the offensive pleadings and motion, this action has been on file for approximately eight (8) months, that Ruby S. Peterson's medical records and pertinent financial records had been provided to Plaintiffs and their counsel, and that Plaintiff Respondents and their Attorneys had a reasonable opportunity to investigate the truthfulness or falsity of their claims and allegations prior to signing the pleadings and motion made the subject of this Motion for Sanctions.[3]

Appellants were unwilling to accept the state court's rulings, and they were so aggressive and persistent in their frivolous filings that the state courts declared them

---

[2] ROA.237-1322.

[3] ROA.6251.

to be vexatious litigants and prohibited them from filing suits in Texas without posting a surety bond with the court clerk.[4]

## II. Appellants filed a federal lawsuit accusing everyone associated with their state case (including the judges and court coordinator) of criminal conduct.

Having been effectively barred from state court for their misconduct, Appellants filed the underlying lawsuit in federal district court to reassert their false allegations and accuse nearly everyone involved in their case of criminal misconduct. Their federal complaint named 36 defendants and numerous interested parties and accused them of fraud, conspiracy, and racketeering. These defendants include opposing parties, opposing law firms, non-partner attorneys who worked at those firms, court appointed ad-litems, Judge Wright and Judge Ruth Ann Stiles, who heard their state cases, and Court Coordinator Kimberly Hightower.[5]

It became quickly apparent that the federal complaint was even more frivolous than the state filings. Appellees moved to dismiss the claims against them and followed the process under Federal Rule of Civil Procedure 11 to notify Appellants of their intention to seek sanctions and provide them a safe harbor to dismiss their case. Rather than do so, Appellants amended their complaint to make even more

---

[4] ROA.6216-6217, 6239-6265.

[5] ROA.45-236, 4236.

outrageous claims.[6]  On August 2, 2016, Appellees began moving for sanctions.[7]

Harris County[8] filed its motion for sanctions on September 9, 2016.[9]

Harris County's motion explained how Plaintiffs filed legally frivolous, irresponsible criminal allegations against a county, two judges, and a court coordinator solely to harass and needlessly increase the cost of litigation[10] and that the timing of their federal lawsuit was calculated to delay their state trial and force the recusal of those judges.[11]  Harris County moved for sanctions under:

(1)     Rule 11(b)(2) for making claims unwarranted by existing law or a nonfrivolous argument for extending modifying or reversing existing law or establishing new law,

(2)     Rule 11(b)(3) for making factual contentions without evidentiary support or the possibility of evidentiary support after a reasonable opportunity for further investigation or discovery,

(3)     Rule 11(b)(1) for filing for an improper purpose, and

---

[6]  ROA.2596-3363. Plaintiffs' First Amended Complaint ballooned from 192 pages to 246 pages.

[7]  *See, e.g.,* ROA.4230-5357 (Motion for Sanctions by Sarah Patel Pacheco, Kathleen Tanner Beduze, Crain, Caton & James, P.C.); ROA.5362-5743 (Motion for Sanctions by W. Russ Jones and Underwood, Jones & Scherrer, P.L.L.C.); ROA.6210-6409 (Motion for Sanctions by Robert Macintyre, Jr., W. Cameron McCulloch, Jill Willard Young, Christopher Burt, and Macintyre, McCulloch, Stanfield & Young, L.L.P.); ROA.6485-6529 (Motion for Sanctions by Carol Ann Manley and David Troy Peterson).

[8]  The Harris County Attorney's Office represented Judge Loyd Wright, Judge Ruth Ann Stiles, Court Coordinator Kimberly Hightower, and Harris County. Of those Defendants, Appellants have only named Harris County in this appeal.

[9] ROA.6862-6890.

[10] ROA.6869-6870.

[11] ROA.6870-6871.

(4)    28 U.S.C. § 1927 for multiplying the proceedings in this case unreasonably and vexatiously.[12]

Harris County further explained how Appellants' allegations that the County, judges, and court coordinator engaged in a criminal RICO enterprise to "take over" Probate Court No. 1 and engage in mail and wire fraud were spurious and did not even attempt to show the elements required to state a claim.[13] Harris County further pointed out that these County defendants were entitled to judicial, quasi-judicial, governmental, and sovereign immunity.[14]

## III.   The district court called Appellants' arguments "pure zanyism" and gave them an opportunity to avoid sanctions if they would only stop filing more frivolous briefs.

On October 7, 2016, the district court found no federal jurisdiction over any of Appellants' claims and dismissed the case with prejudice. In doing so, the district court held Appellants' "argument is pure zanyism."[15] While the district court appeared to be on the cusp of awarding sanctions, it determined that the "motions for sanctions are best directed against the plaintiffs in the state court proceedings."

---

[12]  ROA.6871-6872.

[13]  ROA.6875-6880.

[14]  ROA.6880-6882.

[15]  ROA.7907.

However, it dismissed the sanctions motions *without* prejudice so it could reconsider them if Appellants engaged in further misconduct.[16]

## IV.    Appellants continued filing frivolous pleadings, and the district court finally awarded sanctions.

Undeterred by the dismissal of their case, or the district court's strong words, Appellants continued filing frivolous pleadings. On November 4, 2016, Appellants filed a 47-page motion for new trial.[17] This motion never addressed the jurisdictional defects, failed to show any newly discovered evidence, never articulated any manifest error of law, and simply repeated the same discredited claim that more than 30 defendants conspired to defraud them.

This required Appellees to expend considerable resources responding (again) to claims already disposed of in state court, and for which the federal court had no jurisdiction. Appellees again requested sanctions. As explained in one motion:

> After wading through 246-pages of a convoluted Amended Complaint and several hundred more pages of Plaintiffs' confusing dismissal briefing, the Court summarized Plaintiffs' RICO argument with a simple phrase: "pure zanyism." . . .
>
> As "zany" as the claims are, the amusement factor severely diminishes after several different parties have each incurred over $75,000 in legal fees defending a case that constitutes Plaintiffs' latest in a long storied history of complaints about their own settlements filed in numerous forums, all of which have substantially run up more costs beyond what has been incurred in this case. Plaintiffs have had many chances to

---

[16] ROA.7908-7909.

[17] ROA.7968-8014.

7

dismiss their frivolous claims. CCJ Attorneys sent Plaintiffs' counsel two Rule 11 safe harbor letters, and other defendants sent more as well bringing the total to at least 10 known (and ignored) safe harbor letters.

Notably, these safe harbor letters were not Plaintiffs' only opportunity to end this frivolous litigation. After filing an Original Complaint, Plaintiffs also received 13 well-grounded motions to dismiss. Instead of dismissing the claims upon receipt of these motions (on top of the safe harbor letters), Plaintiffs perpetuated the costly "zanyism" by then filing an Amended Complaint. The Amended Complaint did nothing to correct any of the problems highlighted in the 13 motions to dismiss. The Amended Complaint mostly just dumped over 500 pages of documents into the record with no explanation (not even a zany one) as to how any page from the morass of paper supported a RICO claim against any particular defendant. What the Amended Complaint did do was to require Harris County (the only newly named Defendant in the Amended Complaint) to file a motion to dismiss, and to require all other defendants to refile new motions to dismiss, thus necessitating 11 new dismissal motions (and 11 more opportunities for Plaintiffs to drop the case).

Plaintiffs did not heed any of the arguments in this second round of dismissal motions. After having given Plaintiffs 34 opportunities to dismiss their lawsuit (10 known safe harbor letters and 24 dismissal motions), the Defendants were left with no effective course of addressing the abusive, multiplied "zanyism" but to seek sanctions. To that end, various defendants filed eight motions for sanctions. This still did not do the trick. . .

So after running up several hundred thousand dollars in costs, skating from eight sanctions motions, and being told by this Court in a written order that the RICO arguments are "pure zanyism," Plaintiffs now reward everyone with a 47-page Motion [for new trial] (with no permission to exceed the page limit) . . . [18] .

---

[18]  ROA.8066-8069.

An exasperated district court finally held on December 14, 2016:

> Initially, the Court was of the opinion that any sanctions motions could be handled in state court where the relevant case(s) are pending. It was, therefore, the Court's view that dismissal, without entering sanctions, would leave the 'door' open for state review of the plaintiffs and their attorneys' conduct. However, the plaintiffs insist on further burdening the Court and the defendants with a post-dismissal motion; a motion that is without meaningful or substantive facts or arguments. To that end, the Court GRANTS the defendants' joint motion for sanctions based on the following findings of fact and conclusions of law. . . [19]

The district court made 54 detailed findings of fact and conclusions of law and issued attorney's fees for past litigation costs, as well as provisional attorney's fees in the event of an unsuccessful appeal to the Fifth Circuit Court of Appeals and United States Supreme Court.[20] These include $15,000 to Harris County for handling an appeal to the Fifth Circuit Court of Appeals and $7,500 for successfully defending against a Petition for Writ of Certiorari to the United States Supreme Court.[21]

## V.    Plaintiffs-Appellants already appealed (and lost) the sanctions award they are now appealing.

Armed with the knowledge that they would be required to pay attorney's fees if they filed an unsuccessful appeal, Appellants filed a Notice of Appeal on January 11, 2017.[22] On September 14, 2017, this Court affirmed the district court with a *per*

---

[19]  ROA.8192.

[20]  ROA.8192-8204.

[21]  ROA.8203.

[22] ROA.8205.

*curiam* opinion and found Appellants lacked standing to bring their suit. This Court

further held the district court did not abuse its discretion to impose sanctions and

explained:

> Specifically, the district court determined that, given the history of the
> multiplied proceedings, as well as Plaintiffs' knowledge of the
> litigation costs, it was evident that the purpose of Plaintiffs' filing of
> the motion for new trial was to escalate costs. The district court
> determined that the facts and circumstances also supported an inference
> that Plaintiffs were acting in bad faith so that sanctions were justified
> under the court's inherent powers.
>
> Contrary to Plaintiffs' assertions, a review of the record shows that the
> district court's order granting sanctions thoroughly and sufficiently lays
> out the basis supporting its imposition of sanctions. Based on those
> facts, we conclude that the district court did not abuse its discretion. *See
> Carmon v. Lubirizol*, 17 F.3d 791, 795-96 (5th Cir. 1994).[23]

Appellants unsuccessfully moved for rehearing and filed a petition for writ of

certiorari with the United State Supreme Court, which was denied March 19, 2018.

After having their petition rejected by the nation's highest court, Appellants

slumbered for nearly two years. On January 15, 2020, they unexpectedly filed a

motion to reopen this case, vacate the judgment, and seek relief from the sanctions

---

[23] *Sheshtawy v. Gray*, 697 F. App'x 380, 383 (5th Cir. 2017).

awarded in 2018.[24] This required Appellees to file an entirely new round of responses.[25] As Harris County explained in its January 27, 2020 response:

> This 34-page motion which includes citations to the Magna Carta and Declaration of Independence is yet another chapter in the 'pure zanyism' history of this case. Following their exhaustive appeal of this case and their sanctions order, Plaintiffs complain they were penalized for exercising their First Amendment freedom 'to petition the government for redress of grievances' and not allowed 'unfettered' access to the courts. However, this is all wrong.

> First, Plaintiffs did petition the federal courts (over and over again) and were not blocked from access to the courts. This is evidenced by the procedural history – Plaintiffs' motion for new trial, appeal to the Fifth Circuit, request for rehearing at the Fifth Circuit and petition for writ of certiorari to the United States Supreme Court.

> Second, the Fifth Circuit has affirmed prior conditional appellate attorneys' fees awards and Plaintiffs have not cited any case on point that states that this violates due process or First Amendment rights. Plaintiffs' reliance on an old 2008 Congressional Report, the Magna Carta and cases noting the importance of allowing citizens the ability to file lawsuits is misplaced.[26]

On February 11, 2020, the district court denied the motion to reopen the case and vacate judgment and maintained its 2016 sanctions award against Appellants. On March 10, 2020, Appellants filed a notice of appeal in the instant case attacking the district court's three-year-old sanctions award.

---

[24] ROA.8289-8478

[25] ROA.8482-9023.

[26] ROA.9002.

## SUMMARY OF THE ARGUMENT

Appellants are appealing the denial of a Rule 60(b)(4) motion to reopen a case to reconsider a December 14, 2016 sanctions award against them. However, they have already unsuccessfully appealed that sanctions award two years ago, and this matter was fully and finally resolved when the United States Supreme Court denied their petition for writ of certiorari. Accordingly, this Court lacks jurisdiction over this case.

Even assuming this Court had jurisdiction, Appellants have no evidence that the district court abused its discretion in not reopening this case on the basis of the fully appealed (and affirmed) judgment being void. The underlying judgment awarded modest sanctions against parties who filed so many frivolous pleadings that they were sanctioned and barred from filing additional litigation in state court without posting security and received at least 10 federal safe harbor letters, 24 motions to dismiss, and a warning from the district court. Accordingly, if this Court reaches the merits of the case, it should affirm the district court's rulings.

## RESPONSE TO STANDARD OF REVIEW

This Court lacks jurisdiction to hear this case because the central issue—the appropriateness of the district court's 2016 sanctions award—has already been decided on appeal. However, if the Court considers this case, it should evaluate the

district court's decision not to reopen its three-year-old judgment under an abuse of discretion standard. *Behringer v. Johnson*, 75 F.3d 189, 190 (5th Cir. 1996), citing *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977).

# ARGUMENT

## I. This Court lacks jurisdiction over this appeal.

### A. The issues raised on appeal are barred by the law of the case and waiver doctrines because they were already decided in *Sheshtawy, et al. v. Gray, et al.*, 697 F. App'x 380, 383 (5th Cir. 2017).

This Court lacks jurisdiction over this appeal because it already affirmed the district court's award of sanctions and attorney's fees in the *per curiam* opinion of *Sheshtawy, et al. v. Gray, et al.*, 697 F. App'x 380, 383 (5th Cir. 2017). After this Court affirmed the district court's award, Appellants filed a petition for writ of certiorari to the United States Supreme Court, which was denied. *Sheshtawy, et al. v. Gray, et al.,* 138 S.Ct. 1298 (2018). As a matter of law, that resolved all remaining issues in this case.

Under the law of the case doctrine, "once a court decides an issue, the same issue cannot be reltigated in subsequent proceedings in the same case." *Zinna v. Congrove*, 755 F.3d 1177, 1182 (10th Cir. 2014). Further, the waiver doctrine "holds that an issue that could have been but was *not* raised on appeal is forfeited and may not be revisited by the district court on remand." *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011)(emphasis in original). As this Court explained:

13

> The waiver doctrine, like the law-of-the-case doctrine, "serves judicial economy by forcing parties to raise issues whose resolution might spare the court and parties later rounds of remands and appeals." *Castillo,* 179 F.3d at 326 (citation and internal quotation marks omitted). But it "differs from the law-of-the-case doctrine in that it arises as a consequence of a party's inaction, not as a consequence of a decision on our part." *Id.* (citation omitted).

*Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011); *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct.2868, 2877, 49 L.Ed.2d 826 (1976).

The Court has already affirmed the exact sanction award that Appellants are attempting to relitigate, and the district court lacked jurisdiction to reopen the case under Federal Rule of Civil Procedure 60. Even if this Court did not address particular arguments regarding those sanctions (such as Appellants' new claims that the sanctions violate their First and Fifth Amendment rights) those arguments could have been raised in Appellants' last appeal and were forfeited.

**B.     Appellants missed their deadline to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(1)(A) and cannot circumvent this rule by claiming they are appealing the district court's decision not to reopen a long-decided case.**

Assuming this Court had not already decided the issues in this appeal, it would still lack jurisdiction because Appellants waited too long to challenge the constitutionality of the 2016 sanctions award. Under Federal Rule of Appellate Procedure 4(a)(1)(A), Appellants had 30 days from the award of sanctions and attorney's fees to file a notice of appeal and raise all issues related to these sanctions.

This deadline is jurisdictional. *Perez v. AC Roosevelt Food Corp.*, 744 F.3d 39, 41 (2d Cir. 2013).

## II.     The district court did not abuse its discretion by not reopening this case under Rule 60 and reversing its affirmed sanctions award.

### A.     The judgment is not void under Rule 60 because Appellants were never denied due process rights or an opportunity to be heard.

To circumvent the obvious jurisdictional defects in their case, Appellants appeal only the district court's decision not to reopen their case under Federal Rule of Civil Procedure 60(a)(4), rather than the underlying 2016 sanctions. However, their actual arguments seem to challenge the very concept that a court may impose sanctions. They suggest that any sanction violates the First and Fifth Amendments of the Constitution, the *Magna Carta*, the Declaration of Independence,[27] the 1775 Olive Branch Petition,[28] the Congressional Record, and a long list of cases that have nothing to with sanctions or attorney's fees.

Putting that aside and focusing on their actual issues for review, Appellants never provide any legally recognized explanation for why the original judgment is void, or how the district court had jurisdiction to reopen a case already decided on appeal. Instead, Appellants provide an abundance of rhetoric—claiming, for

---

[27] Appellants' Brief at 30.

[28] Appellants' Brief at 33.

example—that "[f]reedom is not free",[29] and implying that the district court's ruling will cause "[o]nly tyranny."[30]

The United States Supreme Court has explained that a judgment is void under an "exceedingly short" list of serious infirmities. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270, 130 S. Ct. 1367, 1377, 176 L. Ed. 2d 158 (2010). A judgment is not void simply because it may have been erroneous. *Id., quoting Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995).

Rule 60(b)(4) applies "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id., citing United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 661 (1st Cir. 1990). *See also, New York Life Ins. Co v. Brown*, 84 F.3d 137, 142-3 (5th Circuit 1996) (quoting *Williams v. New Orleans Public Serv., Inc.*, 728 F.2d 730, 735 (5th Cir.1984).

Under Rule 60(b)(4), a litigant is afforded due process if "fundamental procedural prerequisites—particularly, adequate notice and opportunity to be heard—were fully satisfied." *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994);

---

[29] Appellants' Brief at 15. Freedom is not free, and neither are courts and lawyers. The purpose of a sanctions award is to deter conduct that burdens the courts with frivolous cases that prevent legitimate litigation from being heard.

[30] Appellants' Brief at 29.

*West v. Champion*, No. 09-7090 (10th Cir. 2010).

In this case, Appellants received actual notice of the December 14, 2016 Order Granting Sanctions[31] and had a full and unfettered right to object and complain on appeal (which they did all the way to the United States Supreme Court). This more than satisfied Appellants' due process rights. *See, United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1378, 176 L.Ed2d 158 (2009). At no time was their right to petition for redress of grievances chilled. They simply do not like the outcome and will not stop filing frivolous briefs.

Further, there is nothing inherently unconstitutional about imposing sanctions for filing false pleadings. The United States Supreme Court has explained:

> Just as false statements are not immunized by the First Amendment right to freedom of speech, *see Herbert v. Lando*, 441 U.S. 153, 171, 99 S. Ct. 1635, 1646, 60 L. Ed.2d 115 (1979); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340, 94 S. Ct. 2997, 3007, 41 L. Ed.2d 789 (1974) baseless litigation is not immunized by the First Amendment right to petition. *See also, In re Harper*, 725 F.3d 1253, 1261 (10th Cir. 2013) ("The First Amendment does not protect the filing of frivolous motions."); *Collins v. Daniels*, 916 F.3d 1302, (10th Cir. 2019) ("Defendants' motion for Rule 11 sanctions did not interfere with Plaintiffs' First Amendment rights.") citing *King v. Fleming*, 899 F.3d 1140, 1151 n. 17 (10th Cir. 2018) ("The First Amendment is in no way a defense to Rule 11 violations.").

*Bill Johnson Restaurants, Inc v. National Labor Relations Board*, 461 U.S. 731, 743, 103 S. Ct. 2161, 76 L. Ed.2d 277 (1983).

---

[31] ROA.8192-8204.

Appellants not only fail to defend their outrageous claims to the district court, but they admit (after the Supreme Court denied their final sanction appeal) that their counsel "apologized to the District Court and opposing parties and counsel, and now to this Honorable Fifth Circuit Court of Appeals for filing the motion for new trial."[32] The best apology would have been to **not** file the instant appeal, which further burdens the district and appellate courts, and incurs additional attorney's fees and costs upon opposing counsel and parties.

## B.     A Rule 60(b)(4) motion is not a substitute for a timely appeal.

Even if Appellants had not already had their sanctions appeal heard, their Rule 60 motion would still have been improper because they filed it as a means of getting yet another appeal. A Rule 60(b)(4) motion is not a substitute for a timely appeal. *Newsome v. Nat'l Cas. Co.*, No. 15-30573 (5th Cir. 2016), citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985) ("We have also held that Rule 60(b) may not be used to provide an avenue for challenges of mistakes of law that should ordinarily be raised by timely appeal."); *see also Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal.") Appellants could (and did) appeal the sanctions award against

---

[32] Appellants' Brief at 11.

them. They could (but chose not to) make arguments regarding their First Amendment and Fifth Amendment rights while making that appeal.

### III.  The district court's award of sanctions and attorney's fees is reasonable and appropriate.

While this Court should not reach the merits of Appellants' claim that sanctions were inappropriate, if it does consider this issue, it should find the district court's ruling was not an abuse of discretion. The district court dismissed Appellants' original case against Appellees for lack of jurisdiction, but it had inherent jurisdiction to issue sanctions against them for filing their frivolous pleadings in the first place. "Federal courts have inherent authority 'to protect the efficient and orderly administration of justice and … to command respect for [its] orders, judgments, procedures, and authority." *Stebbins v. Texas*, No. 3:11-CV-2227-N BK, 2011 WL 6130403, at *3 (N.D. Tex. Oct. 24, 2011), *report and recommendation adopted*, No. 3:11-CV-2227-N BK, 2011 WL 6130411 (N.D. Tex. Dec. 9, 2011), *quoting In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). By availing themselves of the district court's jurisdiction, Appellants were subject to sanctions incurred because of their conduct before that court.

This Court has already held that the district court's award of sanctions and attorney's fees is reasonable and appropriate. Assuming, *arguendo*, this Court were to once again consider this issue, it should (again) affirm the district court's award.

Appellants' complaint appears to be that the district court was "greatly offended" by their 2016 motion for new trial and, seemingly out of nowhere, imposed attorney's fees and sanctions upon them.[33] Appellants' assessment of the district court's sentiment is probably accurate, especially when Appellants continued filing briefs after the district court referred to their arguments as "pure zanyism" and warned that it was considering sanctions.

When Appellants continued filing briefs, the district court imposed past sanctions and gave yet another strong message by prospectively warning that it would impose additional sanctions if Appellants filed an unsuccessful appeal. Appellants took a gamble and filed that appeal two years ago. This Court affirmed the fees, including the appellate fees. Although Appellants now complain that a district court has no authority to award prospective attorney's fees, that issue has also been resolved in this case.

## IV.   Harris County should be awarded appellate costs and additional $15,000 attorney's fees for this second frivolous appeal.

This Court has already affirmed an award of $15,000 in sanctions to Harris County for Appellants' first unsuccessful appeal to this Court. This Court should award appeal costs and attorney's fees under Federal Rule of Civil Procedure 38 and 28 U.S.C. § 1927 of at least that amount for Appellants' second frivolous appeal to

---

[33] Appellants' Brief at 8.

this Court. Accordingly, Harris County joins in all appellee motions for attorney's fees and costs.

## NOTICE OF JOINDER IN CO-DEFENDANTS-APPELLEES' BRIEF

Harris County gives notice of its joinder in the Original Brief of Appellees Russ Jones and Underwood, Jones, Scherrer, P.L.L.C.

# CONCLUSION

For the reasons explained, Appellee Harris County, Texas respectfully requests that this Honorable Court dismiss this appeal for lack of jurisdiction. In the alternative, Appellee requests that this Court affirm the district court in all matters. Harris County further requests costs and reasonable attorney's fees of at least $15,000 for the cost of this appeal.

Respectfully submitted,

OF COUNSEL:
VINCE RYAN
HARRIS COUNTY ATTORNEY

/s/ Seth Hopkins
SETH HOPKINS
Assistant County Attorney
Texas Bar No. 24032435
1019 Congress Plaza, 15th Floor
Houston, Texas  77002
(713) 274-5141 (telephone)
Seth.Hopkins@cao.hctx.net

ATTORNEY FOR APPELLEE
HARRIS COUNTY

# CERTIFICATE OF SERVICE

I certify that on September 8, 2020, the foregoing document was served, via the
Court's CM/ECF Document Filing System, upon the following registered CM/ECF
users:

(1)    Laura Hedge, Harris County Attorney's Office

(2)    Russ Jones, Underwood, Jones, & Scherrer, P.L.L.C.

(3)    Donald Cheatham, Law Offices of Donald T. Cheatham

(4)    Paul Nunu

S/Seth Hopkins

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f), and 5th CIR. R. 32.1:  this document contains 5,063 words.

2.  This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Windows in 14-point Times New Roman font, except for footnotes, which are in 12-point Times New Roman font. Case names are in italics.

S/Seth Hopkins